**BI SHENG LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1007–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

H. Raymond Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Civil Division, Anh–Thu P. Mai, Senior Litigation Counsel, Julie M. Iversen, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bi Sheng Liu, a native and citizen of China, seeks review of the February 27, 2007 order of the BIA affirming the July 13, 2005 decision of Immigration Judge ("IJ") William P. Van Wyke denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Sheng Liu,* No. A78 746 231 (B.I.A. Feb. 27, 2007), *aff'g* No. A78 746 231 (Immig. Ct. N.Y. City July 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). The Court will review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005). In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang v. U.S. I.N.S.,* 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted).

Children of individuals persecuted under a coercive family planning policy are not *per se* eligible for asylum. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005). However, an alien may establish eligibility for asylum by demon-

strating past persecution based on his or her own "other resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such "resistance." *Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (citing 8 U.S.C. § 1101(a)(42)). Here, Liu's incredible testimony undermines any claim he may have regarding "resistance" to China's family planning policy and persecution on account of such resistance.

The IJ relied on various findings of implausibility regarding Liu's testimony in his adverse credibility determination. While an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, speculation or conjecture. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). The point at which an implausibility finding "ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation' ... cannot be located with precision." *Ming Xia Chen v. BIA,* 435 F.3d 141, 145 (2d Cir.2006). However, while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Accordingly, "[s]o long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding." *Id.* at 169.

The IJ found Liu's testimony regarding his interactions with the Chinese officials implausible. The IJ's conclusions regarding these events are not the result of bald speculation but were tethered to the rec-

ord, i.e. Liu's own testimony, and have some reliance on common sense and ordinary experience. *See id.* at 168–69. Therefore, the IJ did not err in basing his adverse credibility determination on these implausibility findings.

The IJ also based his adverse credibility determination on his observations of Liu's demeanor during his testimony. The Court accords particular weight to the IJ in reviewing his findings regarding demeanor. *Zhou Yun Zhang,* 386 F.3d at 73.

Here, the IJ noted that Liu was "quite earnest" and "passionate" during certain portions of his testimony. However, the IJ found that when it came time to discuss the "crucial testimony" regarding his "own detention and the allegation that the officials were seeking him," Liu was "evasive" and "non-responsive." In addition, the IJ noted that Liu's testimony contained very long pauses which led the IJ to believe that "he was trying to sew the pieces of the cloth of his story together, rather than trying to simply continue recalling the actual events." Given our substantial deference to the demeanor findings of the agency, the IJ's observation about Liu's poor demeanor properly supported his adverse credibility determination. *See Majidi,* 430 F.3d at 81 n. 1.

While the agency's evaluation was not flawless, we decline to consider Liu's remaining arguments because we can confidently predict that the agency would adhere to the same decision upon remand after correcting for any flaws. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

Because Liu's brief presents no argument that challenges the agency's determination that he does not qualify for asylum

based on his son's birth in the United States and because this argument does not appear necessary to avoid manifest injustice, it is deemed waived. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002).

Because Liu failed to establish past persecution due to his incredible testimony, he is not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because Liu was found not credible, he failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition, because Liu's claims for withholding of removal and CAT relief were premised on the same factual basis as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his other claims. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006) (Withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) (CAT).

For the foregoing reasons, the petition for review is DENIED.